IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL DAN,

    Petitioner,

v.

D. RAY JAMES CORRECTIONAL
INSTITUTE,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-93

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner's failure to comply with the Court's Order of December 17, 2015, to furnish the Court with his prison trust fund account statement and affidavit of all assets. (Doc. 6.) Because Petitioner has not submitted the proper forms for this Court to consider his Motion to proceed *in forma pauperis*, (doc. 2), that Motion is **DENIED**. Moreover, for the following reasons, I **RECOMMEND** that Petitioner's Petition, (doc. 1), be **DISMISSED without prejudice** for his failure to follow this Court's Orders and failure to prosecute. I further **RECOMMEND** that Petitioner be denied leave to appeal *in forma pauperis*.

## **BACKGROUND**

Petitioner, an inmate at D. Ray James Correctional Institute in Folkston, Georgia, brought this action pursuant to 28 U.S.C. § 2241 on November 16, 2015. (Doc. 1.) Along with his Petition, he filed an application to proceed *in forma pauperis*. (Doc. 2.) On December 17, 2015, the Court deferred ruling on Petitioner's Motion to proceed *in forma pauperis*. (Doc. 6.) In that Order, the Court instructed Petitioner, to furnish the Court with his statement of his prison trust

fund account statement and an affidavit of his available assets. Id. The Court explained that if Plaintiff failed to respond to the Court's Order by December 28, 2015, the Court would dismiss this case. (Id. at p. 2.) The Court mailed that Order to Petitioner at the most recent address it has for him. Petitioner has not provided the required forms, and the Court has not received any pleading from Plaintiff since that Order. Indeed, Plaintiff has not taken any action in this case after filing this Complaint nearly five months ago.

## DISCUSSION

The Court must now determine how to address Petitioner's failure to comply with this Court's directive. For the reasons set forth below, I recommend that the Complaint be dismissed and that Plaintiff be denied leave to appeal *in forma pauperis*.

### I. Dismissal for Failure to Prosecute and Failure to Follow this Court's Order.

A district court may dismiss a petitioner claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on]

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

2

willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and

3

court had informed plaintiff that noncompliance could lead to dismissal). With Plaintiff having failed to provide the Court with a filing fee or his prison trust fund account statement or affidavit, the Court has no means to collect the filing fees in this case or to assess Petitioner's eligibility for *in forma pauperis* status. Furthermore, with Plaintiff not having taken any action on this case in nearly five months, he has failed to follow this Court's Order or to diligently prosecute his claims. Thus, Plaintiff has demonstrated a clear record of delay and disregard for this Court's Orders, and a sanction other than dismissal would not suffice to remedy his deficiencies.

For these reasons, Plaintiff's Complaint, (doc. 1), should be **DISMISSED without prejudice** for failure to prosecute and failure to follow this Court's Order, and this case should be **CLOSED**.

### II. Leave to Appeal *In Forma Pauperis*.

The Court should also deny Petitioner leave to appeal *in forma pauperis*. Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Petitioner leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Clerk of Court shall serve a copy of this Order and Report and Recommendation on Petitioner.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA